BERTOLERO et al, Respondents v. CLARK, Appellant.

(170 N. W. 151).

(File No. 4400.   Opinion filed December 31, 1918.)

**Contracts—Building and Loan Contract—Rentals from Mortgagee Lessee, To Apply—Uncompleted Building—Recovery Back of Loan Money—Damages Re Counter-claim—Instruction.**

In a suit by mortgagees to recover back moneys advanced to defendant under a building and loan contract, which provided for four advances under the loan agreement as the work progressed and under which two advances were made; defendant to construct the building under plans and specifications, plaintiffs claiming it was not constructed in accordance therewith, and refusing to make further advances upon that ground, defendant counterclaiming for damages for failure to complete the loan, and alleging that by reason of such failure he was obliged to and did borrow elsewhere at a higher rate of interest, and that he lost certain rentals as a result of delay in completing the building; it being agreed between the parties that plaintiffs would rent said building when completed at a certain rental, which rental defendant claims he was deprived of by reason of plaintiff's said default; held, that an instruction that defendant could recover, among other damages, such damages as he could show he had sustained under his counter-claim, including an item of $75. damages for interest, and rental for time building was idle and unrented. and also the difference between rent plaintiffs were to pay and the best rent defendant could secure, and such further sums as jury should determine was the proximate additional damages by reason of breach of the contract, if any, with a further instruction that if plaintiffs were justified in refusing to complete the loan, defendant could either hold plaintiffs to the contract by completing the building according thereto, or complete the building in any way he saw fit, in which latter event he could recover "only such damages as the evidence shows he suffered at the time of the refusal, which according to the evidence in the case, will be confined to the $75. interest item"—did not limit the amount of recovery under counter-claim to the item of $75; since the instructions as a whole were that in case plaintiffs were guilty of breach of contract, and if defendant than completed the building according to contract, jury should find for defendant on his counter-claim for all damages proximately caused by such breach, including interest item, loss of rentals and all other damages proximately resulting from such breach, but in case jury found that after plaintiffs' breach, if any, defendant did not complete building according to contract, defendant could recover on his counter-claim only the item of $75 damages for interest; and, general verdict being for plaintiffs, was conclusive that jury found there was no breach by plaintiffs and that they were justified in refusing to complete the loan, in view of which fact the subsequent instructions, however erroneous, were non-prejudicial to defendant; that when jury found for plaintiffs upon all issues, consideration of the counter-claim was ended.

Polley, J., taking no part in the decision.

Appeal from Circuit Court, Lawrence County. Hon. James McNenny, Judge.

Action by William Bertolero and Leo Bertolero, against Horace S. Clark, to recover moneys loaned to defendant. From a judgment in favor of plaintiffs, and from an order denying a new trial, defendant appeals. Affirmed.

*Hayes & Heffron,* for Appellant.

*Martin & Mason,* for Respondents.

Appellant cited:

Bradbury v. Higginson, (Cal.) 123 Pac. 797; Gear Landlord & Tenant, par. 12.

McCOY, J. There was verdict and judgment in favor of plaintiffs, and defendant appeals, assigning certain errors in instructions to the jury.

From the record it appears that appellant was desirious of constructing a theater building in the city of Lead according to certain plans and specifications, and entered into an agreement with respondents, wherein and whereby they agreed to loan and advance to appellant, for the purpose of assisting him in the construction of said building, the sum of $5,000, drawing interest at 6 per cent. as follows: One thousand dollars when the plans were accepted and the agreement to loan executed; $1,000 when the walls of said building were up to the first floor; $1,000 when the roof was completed on said building; $1,000 when the building was completed, excepting furnishings; and $1,000 when the building was completed ready for occupancy. As a part of said loan agreement between appellant and respondents it was further stipulated that respondents would rent said building from the day of completion for the sum of $150 per month, and that said lease should continue until the said rental should equal the full sum of $5,000 so loaned and advanced to defendant. It further appears that in compliance with said agreement respondents advanced to appellant the first two installments of said loan, but that when the roof was completed the plaintiffs refused to make further advancements on said loan, for the alleged reason that said building had not been constructed according to said plans and specifications, and by reason thereof respondents abandoned the further performance of said contract and further refused to be bound thereby. Subse-

quently appellant procured means elsewhere, and completed the construction of said building. Subsequently respondents brought this suit to recover from appellant the said $2,000 and interest so advanced on said loan.

Appellant answered, denying that respondents had any cause or grounds for abandoning said loan contract, and refusing to make further loans by virtue thereof, and further alleged by way of counterclaim that appellant, by reason of the failure of plaintiffs to comply with said loan contract, had been compelled to borrow money elsewhere at the rate of 8 per cent. per annum, and that by reason thereof he had been damaged in the sum of $75; that appellant had been further damaged in the sum of $1,500 by reason of the failure of respondents to lease and pay rent upon said building according to the terms of said contract for the period of ten months, during which time said building remained unleased and unoccupied after its completion; that appellant could not rent said building for more than $110 per month during the remainder of the 33 1-3 months, and by reason thereof appellant was damaged in the sum of $40 per month, that he lost $500, in time and expense, in an effort to find a tenant, and that his total damage caused by the wrongful breach of contract of respondents aggregated $3,008.38, for which amount appellant demanded affirmative judgment as counterclaim against respondents' cause of action. On the trial there was much testimony offered concerning the issue as to whether or not there had been a breach of contract on the part of respondents in refusing to further make loans to appellant. It was admitted on the trial by the respondents that they had refused to make any of the loans provided for by said contract other than the first two, for the reason that they claimed that the said building had not been constructed according to the plans and specifications forming a part of said contract. On the trial the court, among other things, in substance instructed the jury that, if they found from the evidence that the said building was constructed in substantial compliance with the said contract and the plans and specifications thereof, the defendant would be entitled to such damages as he could show by the evidence that he had sustained under his counterclaim, which would include the said item of $75, damage for interest, and also include rent for the time said building was idle and not rented, and also include the difference be-

tween the rent that the plaintiffs were to pay and the best rent that the defendant was able to secure, and that defendant should recover such further sums as the jury should determine from the evidence were the proximate additional damages suffered by him by reason of such breach of contract, if any. The court also instructed the jury that when the plaintiffs refused to further loan the money, if they were not justified in such refusal, the defendant could do one of two things; he could go on and hold the plaintiffs to the contract by completing the building according to the contract, and then hold them for damages, or he could go on and complete the building in any way he saw fit; but, if he did this latter, he could recover only such damages as the evidence shows he suffered at the time of the refusal, which, according to the evidence in the case, would be confined to the $75 interest item.

The contention of appellant is that the court by said instruction limited the amount of his recovery under his counterclaim to the item of $75 interest damages, and refused to submit to the jury the other items of damage pleaded in the counterclaim. We are of the view that this contention is not well taken. It is plain from the entire instructions given that the court instructed the jury that in case the plaintiffs were guilty of a breach of said contract, and if the defendant then went on, after such breach, and completed said building according to contract, the jury should find in favor of defendant on his counterclaim for all the damages proximately caused by such breach, including the interest item, loss of rents, and any and all other damages proximately resulting from such breach, but that in case the jury found that after the plaintiffs' breach of contract, in case they did so find that there was such a breach, and that the defendant did not complete the building according to contract, then and in that case the defendant could recover on his counterclaim only the item of $75 damages for interest. The jury having found a general verdict in favor of plaintiffs upon all the issues, and not having found in favor of defendant for the item of $75 damages for interest, it therefore conclusively appears that the jury found that there had been no breach of contract by plaintiffs, and that plaintiffs were justified in not making further loans to defendant by reason of the failure of defendant to construct the building according to contract. Under this situation of the record it was wholly immaterial, and not

prejudicial to appellant, as to what the subsequent instructions were, or however erroneous the same might have been, that the court submitted to the jury. The court might properly have further instructed the jury that, in case they found that plaintiffs had not been guilty of breach of contract and were justified, by reason of the failure of the defendant to construct the building according to contract, in refusing to advance further loans, then and in that case the jury should find in favor of plaintiffs for the full amount of their claim, and that no further consideration of defendant's counterclaim should be considered by them. Such an instruction under such circumstances would have been proper regardless of whether the defendant finished the construction of such building according to contract or not. When the jury found for plaintiffs upon all the issues, that ended the consideration of defendant's counterclaims. The sufficiency of the evidence to sustain the verdict is not questioned by the assignments of error.

Finding no error in the record, the judgment and order appealed from are affirmed.

POLLEY, J., took no part in this decision.